UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| BARBARA PORTER, as Trustee for the Heirs and Next of Kin of GAYLENE JOHNSON, deceased,<br><br>    Plaintiff,<br><br>vs.<br><br>XANODYNE PHARMACEUTICALS INC., AAIPHARMA INC., TEVA USA, WEST-WARD PHARMACEUTICAL CORP., WATSON PHARMACEUTICAL, MALLINCKRODT PHARMACEUTICALS, COVIDIEN and DOES ONE through SIXTY, inclusive,<br><br>    Defendants. | CASE NO: 0:07-cv-03344-JMR-FLN<br><br>**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |

**DEMAND FOR JURY TRIAL**

1. Plaintiff herewith requests a trial by jury as to all issues to all material facts.

**PRELIMINARY ALLEGATIONS**

2. Defendants produced, manufactured, distributed, and sold PROPXYPHENE. Decedent GAYLENE JOHNSON was prescribed and ingested PROPXYPHENE. Decedent GAYLENE JOHNSON died from ingestion of PROPXYPHENE on July 18, 2004. The PROPXYPHENE that Defendants sold Decedent GAYLENE JOHNSON was defective, thereby violating Minnesota statuary and common law and causing Plaintiff damages and/or entitling her to relief. Under Minnesota common law, Decedent GAYLENE JOHNSON also unjustly enriched Defendants by paying Defendants for their defective PROPXYPHENE.

**JURISDICTION AND VENUE**

3. This Court has diversity subject–matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (a) "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs,

and is between: (1) citizens of different States." Plaintiff BARBARA PORTER is a resident of West Virginia. All Defendants are from states other than West Virginia. Damages to Plaintiff are estimated in good faith to exceed the sum or value of $75,000, exclusive of interests and cost. The court also has personal jurisdiction over the parties because Plaintiff BARBARA PORTER submits to the jurisdiction of the Court and Defendants systematically and continually conducts business here and throughout the U.S., including marketing, advertising, and sales directed to residents of the jurisdiction where Plaintiff resides. Venue is proper in this district pursuant to 28 U.S.C. §1391(a) and (c) because as a corporation Defendant is "deemed to reside in any judicial district in which [it is] subject to personal jurisdiction."

**PARTIES**

4. Plaintiff BARBARA PORTER is a West Virginia resident.

5. Plaintiff, BARBARA PORTER, at all times relevant herein, is the court appointed trustee for the heirs of GAYLENE JOHNSON, decedent. A copy of this appointment is attached to the Complaint as Exhibit A.

6. Decedent GAYLENE JOHNSON was prescribed PROPOXYPHENE and died from its ingestion on July 18, 2004.

7. Plaintiff BARBARA JOHNSON incurred extensive economic losses as a result of Decedent GAYLENE JOHNSON ingesting the prescribed PROPOXYPHENE and dying on July 18, 2004.

8. At all relevant times herein, Defendants did business in Minnesota on and before July 18, 2004 through the distribution and sale of PROPOXYPHENE, manufactured by Defendants.

9. The Defendants caused tortious injury in the state of Minnesota and West Virginia through the sale and distribution of a defective product, PROPOXYPHENE. The product caused injuries leading to the death of GAYLENE JOHNSON on July 18, 2004.

10. Plaintiff does not know the true names of the Defendants sued herein as DOES ONE through SIXTY, inclusive. Plaintiff alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and caused the injuries and damages sustained by Plaintiff as herein alleged.

11. Defendants XANODYNE PHARMACEUTICALS INC., AAIPHARMA INC., TEVA USA, WEST-WARD PHARMACEUTICAL CORP. WATSON PHARMACEUTICAL, MALLINCKRODT PHARMACEUTICALS, COVIDIEN and Does One through Sixty will hereafter be referred to as "Defendants".

12. Defendant MALLINCKRODT PHARMACEUTICALS is a New Jersey corporation with its principal place of business at 675 McDonnell Boulevard, Hazelwood, Missouri, 63042.

13. Defendant COVIDIEN is a Delaware corporation with its principal place of business at 15 Hampshire Street, Mansfield, Massachusetts, 02048.

14. At all relevant times herein, Defendants did business in Minnesota through the distribution and sale of PROPOXYPHENE manufactured by Defendants.

15. WHEREFORE, Plaintiff prays for judgment against Defendants as hereinafter set forth.

## FACTUAL ALLEGATIONS

16. PROPOXYPHENE was specifically designed, manufactured, and sold by Defendants to treat pain.

17. During all times herein, Defendants represented to Decedent GAYLENE JOHNSON and her physicians that PROPOXYPHENE was safe for the treatment of pain. PROPOXYPHENE is a prescription painkiller.

18. Decedent GAYLENE JOHNSON was prescribed PROPOXYPHENE to help treat pain in her back due to severe scoliosis, as well as leg pain and post-operative surgery pain.

19. Doctors, including Decedent GAYLENE JOHNSON'S doctors, and patients, including Decedent GAYLENE JOHNSON, relied upon Defendants' representations that the PROPOXYPHENE product was safe and effective to use for treatment of moderate pain.

20. PROPOXYPHENE is an analgesic (pain killer) used for relief of most kinds of pain, including post-operative pain. It was originally developed by Eli Lilly & Company and has been commercially available in the United States since 1957. Eli Lilly & Company no longer manufactures PROPOXYPHENE, as it sold the rights to these drugs to aaiPharma. Today, PROPOXYPHENE is sold as a generic drug by Defendants.

21. Over the past 47 years, PROPOXYPHENE has been one of the deadliest drugs on the market, being associated with well over 10,000 confirmed deaths in the United States alone. From 1981 to 1999, the Drug Abuse Warning Network (DAWN) reported 2,110 PROPOXYPHENE related accidental deaths. It is almost certain that the actual number of accidental deaths due to PROPOXYPHENE is significantly higher than the number reported.

22. Many studies have shown the relative ineffectiveness of PROPOXYPHENE as a painkiller. A recent comprehensive review of randomized clinical trials found that for most kinds of pain (e.g., post-operative pain), ibuprofen is more effective than PROPOXYPHENE /acetaminophen (the latter, the ingredient in Tylenol). (Health Research Group Publication #1762, February 2006).

23. Upon metabolism, the majority of PROPOXYPHENE is converted into NORPROPOXYPHENE, a cardiotoxic metabolite that is more toxic and has a longer half-life than its parent compound.

24. PROPOXYPHENE can cause severe cardiovascular effects when used as recommended and prescribed, including abnormal cardiac rhythm, interruption of cardiac

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

conduction, slowed heart beat, absence of contractions, diminished myocardial contractility, and hypotension.

25. Phased withdrawal of products containing PROPOXYPHENE was announced by the British government's Medicines & Healthcare Products Regulatory Agency (MHRA) in 2005, with the government citing unacceptable risks of toxicity in overdose and poorly established efficacy of this product, with all patient groups reporting negative risk-benefit ratio. The MHRA is the British equivalent of the U.S. Food and Drug Administration (FDA), and monitors the safety and efficacy of medicine and healthcare products in the United Kingdom.

26. As set above in paragraph 20-23, Defendants knew the product was unsafe even when used as prescribed in patients in general and capable of causing and did cause toxicity and other adverse effects in exposed patients. In spite of the knowledge of the dangerous characteristics of said drug, and with conscious disregard in exposed patients for the health and safety of patients who were prescribed and took PROPOXYPHENE, Defendants placed said drug on the market intending it to be sold and used by patients and knowing such use would occur.

27. Defendants continued with the sale of PROPOXYPHENE knowing of the cardiotoxic metabolite and the adverse effects associated with the metabolite. Knowing this drug caused adverse cardiac events, including severe cardiovascular events leading to death as suffered by Decedent, GAYLENE JOHNSON, and that the patient population was uninformed of the dangers, Defendants continued to sell PROPOXYPHENE as a safe and effective pain reliever.

28. Prior to July 18, 2004, Decedent GAYLENE JOHNSON was prescribed PROPOXYPHENE for pain relief of severe scoliosis, leg pain and post-operative surgical pain by her physician when Defendants had failed to disclose to patients and their physicians the true

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

dangers of the adverse effects, including death, caused by ingestion of the drug PROPOXYPHENE at prescribed doses.

29. At all times relevant herein, Defendants failed to provide sufficient warnings and instructions that would put Decedent GAYLENE JOHNSON, and the general public, on notice of the dangers and adverse effects caused by ingestion of PROPOXYPHENE at prescribed doses, including, without limitation to, adverse cardiac events and death.

30. PROPOXYPHENE, as designed, manufactured, distributed, sold and/or supplied by Defendants, was defective as marketed due to inadequate warnings, instructions, labeling and/or inadequate testing in the presence of Defendants' knowledge of lack of cardiovascular safety leading to death.

31. As a result of Defendant's placing the aforesaid PROPOXYPHENE into the stream of commerce, Decedent GAYLENE JOHNSON was caused to suffer grievous, serious, and severe injuries, including her death. Plaintiff BARBARA PORTER was caused to suffer grievous, serious, and severe injuries, and was caused to suffer and will continue to suffer mental pain, all to her general damage in a sum within the jurisdiction of this Court.

32. As a result of the herein described conduct and/or product of Defendants, and each of them, Plaintiff BARBARA PORTER sustained injuries and damages as a result of the loss of the love, affection, care, society, attention, services, and support of Decedent GAYLENE JOHNSON, according to proof, in a sum within the jurisdiction of this Court.

33. As a further result of the herein described conduct and/or product of Defendants, Plaintiff BARBARA PORTER has incurred funeral and burial expenses in a sum or sums according to proof.

34. Defendants thereby acted with fraud, malice, oppression and a conscious disregard for the Plaintiff and general public's safety, who accordingly requests that the trier of fact, in the exercise of sound discretion, award additional damages for the sake of example and for the purpose of punishing the Defendants for their conduct, in an amount sufficiently large to be an example to others and deter the Defendants and others from engaging in similar conduct in the future. The aforesaid wrongful conduct was done with the advance knowledge, authorization, and/or ratification of an officer, director, and/or managing agent of Defendants.

35. WHEREFORE, Plaintiff prays for judgment against Defendants as hereinafter set forth.

## FIRST CAUSE OF ACTION
### [Strict Liability]

36. Plaintiff BARBARA PORTER hereby incorporates by reference, as if fully set forth herein, each and every allegation contained in Paragraphs 1-35, inclusive, of this Complaint.

37. Defendants designed, manufactured, sold and/or supplied PROPOXYPHENE to Decedent GAYLENE JOHNSON.

38. At all times mentioned herein, PROPOXYPHENE was, and is, dangerous to patients who ingest PROPOXYPHENE, and these risks and dangers were known at the time of its distribution to and ingestion by Decedent GAYLENE JOHNSON in 2004, and Defendants failed to provide warnings and/or adequate warnings of such risks and dangers to Decedent GAYLENE JOHNSON, healthcare professionals and the general public.

39. The known risks and dangers of ingesting PROPOXYPHENE include, but are not limited to, an increased risk of severe cardiovascular effects such as abnormal cardiac rhythm, interruption of cardiac conduction, slowed heart beat, absence of contractions, diminished myocardial contractility, hypotension and death. These well-documented facts were known to the Defendants.

40. At all relevant times herein, the potential risks and dangerous injury caused by PROPOXYPHENE presented substantial danger to Decedent GAYLENE JOHNSON, and the general public, from ingesting the drug PROPOXYPHENE.

41. At all times mentioned herein, ordinary consumers would not have recognized the potential risks and dangers PROPOXYPHENE posed to patients because its use was specifically promoted for pain relief.

42. At all times mentioned herein, Defendants failed to adequately warn of the risks and dangers posed to patients ingesting PROPOXYPHENE.

43. At all times mentioned herein, the PROPOXYPHENE distributed and ingested by Decedent GAYLENE JOHNSON was used in a way that was reasonably foreseeable to all Defendants, and each of them.

44. As a result of the defective dangerous condition of PROPOXYPHENE manufactured and/or supplied by the Defendants, and each of them, Decedent GAYLENE JOHNSON ingested PROPOXYPHENE at recommended and prescribed doses and died on July 18, 2004.

45. As a result of Decedent GAYLENE JOHNSON'S ingestion of the defective PROPOXYPHENE and subsequent death, Plaintiff BARBARA PORTER was caused to suffer the herein described injuries.

46. As a result of Decedent GAYLENE JOHNSON'S ingestion of the defective PROPOXYPHENE and subsequent death, Plaintiff BARBARA PORTER suffered serious and permanent harm by the death and loss of her daughter.

47. In doing the acts herein alleged, the Defendants acted with oppression, fraud and malice, and Plaintiff BARBARA PORTER is therefore entitled to punitive damages to deter Defendants and others from engaging in similar conduct in the future. Said wrongful conduct

was done with advance knowledge, authorization and/or ratification of an office, director and or managing agent of Defendants.

48. WHEREFORE, Plaintiff BARBARA PORTER prays for judgment as hereinafter set forth.

## SECOND CAUSE OF ACTION
### [Negligence]

49. Plaintiff BARBARA PORTER hereby incorporates by reference, as if fully set forth herein, each and every allegation contained in Paragraphs 1-48, inclusive, of this Complaint.

50. Defendants and their representatives were merchants or sellers of PROPOXYPHENE. At all times herein, Defendants had a duty to properly manufacture, compound, test, inspect, package, label, distribute, market, examine, maintain supply, provide proper warnings and prepare for use and sell the aforesaid product.

51. At all times herein mentioned, Defendants, and each of them, knew, or in the exercise of reasonable care, should have known, that PROPOXYPHENE was of such a nature that if it was not properly manufactured, compounded, tested, inspected, packaged, labeled, distributed, marketed, examined, sold, supplied and prepared and provided with proper warnings, it was likely to injure Decedent GAYLENE JOHNSON and other users. Despite the fact that Defendants knew, or should have known that PROPOXYPHENE could cause the adverse cardiac events or death at prescribed doses, it continued to market, distribute, and sell PROPOXYPHENE to the public without proper warnings.

52. The Defendants, and each of them, so negligently and carelessly manufactured, compounded, tested, failed to test, inspected, failed to inspect, packaged, labeled, distributed, recommended, displayed, sold, examined, failed to examine, over-promoted and supplied PROPOXYPHENE, that it was dangerous and unsafe for the use and intended purpose of pain relief in Decedent GAYLENE JOHNSON.

53. Defendants knew Decedent GAYLENE JOHNSON, or others similarly situated, would foreseeably suffer such injuries and/or risk of death as a result of Defendants' failure to exercise ordinary care by not disclosing the known risks of adverse cardiac events or death from recommended and prescribed doses. Defendants' breach of duty to disclose this information caused Decedent GAYLENE JOHNSON to ingest and die from PROPOXYPHENE intoxication.

54. As a result of the carelessness and negligence of the Defendants, the aforesaid product caused Plaintiff BARBARA PORTER to thereby sustain the damages and injuries as herein alleged.

55. WHEREFORE, Plaintiff BARBARA PORTER prays for judgment as hereinafter set forth.

### THIRD CAUSE OF ACTION
### [Breach of Implied Warranty]

56. Plaintiff BARBARA PORTER hereby incorporates by reference, as if fully set forth herein, each and every allegation contained in Paragraphs 1-55, inclusive, of this Complaint.

57. At all times mentioned herein, Defendants, and each of them, manufactured, compounded, packaged, distributed, recommended, merchandised, advertised, promoted, supplied and sold the aforesaid product, PROPOXYPHENE. Prior to the time it was prescribed to Decedent GAYLENE JOHNSON, Defendants impliedly warranted to Plaintiff, and to her agents, that the product, PROPOXYPHENE, was of merchantable quality and safe for the use in which it was intended, pain relief.

58. Plaintiff BARBARA PORTER and Decedent GAYLENE JOHNSON, and her agents, relied on the skill and judgment of the Defendants and each of them, in using aforesaid product, PROPOXYPHENE.

59. PROPOXYPHENE was unsafe for its intended use, pain relief, and it was not of merchantable quality, as warranted by the Defendants in that it had very dangerous propensities

- 10 -
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

when put to its intended use, pain relief, and could, and did, cause severe injury to the user including Decedent GAYLENE JOHNSON. The aforesaid, PROPOXYPHENE did cause Decedent GAYLENE JOHNSON to sustain injuries and death, as herein alleged.

60. After Plaintiff BARBARA PORTER was made aware that Decedent GAYLENE JOHNSON'S injuries and death were a result of the aforesaid product, PROPOXYPHENE, Defendants had ample and sufficient notice of the breach of said warranty.

61. WHEREFORE, Plaintiff BARBARA PORTER prays for judgment as hereinafter set forth.

## **FOURTH CAUSE OF ACTION**
### **[Breach of Express warranty]**

62. Plaintiff BARBARA PORTER hereby incorporates by reference, as if fully set forth herein, each and every allegation contained in Paragraphs 1-61, inclusive, of this Complaint.

63. The aforementioned manufactured, compounded, packaging, designing, distributing, testing, construction, fabricating, analyzing, recommending, merchandising, advertising, promoting, supplying, and selling of the aforesaid product, PROPOXYPHENE, was expressly warranted to be safe for use by Decedent GAYLENE JOHNSON and other members of the general public.

64. At the time of the making of the express warranties, Defendants had knowledge of the purpose for which the aforesaid product, PROPOXYPHENE, was to be used and warranted the same to be, in all respects, fit, safe, and effective and proper for such purpose. The aforesaid product, PROPOXYPHENE, was unaccompanied by warnings of its dangerous propensities that were known or knowable at the time of distribution.

65. Decedent GAYLENE JOHNSON and her physicians reasonably relied upon the skill and judgment of Defendants, and upon said express warranty, in using the product, PROPOXYPHENE. The warranty and representations were untrue in that the product,

PROPOXYPHENE, was unsafe and ineffective, and therefore, unsuited for the use for which it was intended. The aforesaid product, PROPOXYPHENE, could and did thereby cause Decedent GAYLENE JOHNSON to sustain injuries and death, as alleged herein.

66. As soon as the true nature of the product, and the fact that the warranty and representations were false, were ascertained, said Defendants had ample and sufficient notice of the breach of said warranty.

67. WHEREFORE, Plaintiff BARBARA PORTER prays for judgment as hereinafter set forth.

### FIFTH CAUSE OF ACTION
### [Deceptive Trade Practice]

68. Plaintiff BARBARA PORTER hereby incorporates by reference, as if fully set forth herein, each and every allegation contained in Paragraphs 1-67, inclusive, of this Complaint.

69. Defendants deceptively and misleading concealed material defects with PROPOXYPHENE and adverse data from the FDA, physicians and consumers in order to deceive doctors and patients like Decedent GAYLENE JOHNSON into believing there were significantly fewer adverse events than there really were and are.

70. Defendants manufactured and promoted both the safety and efficacy of PROPOXYPHENE to the public and to Decedent GAYLENE JOHNSON'S physicians for the treatment of mild to moderate pain knowing it was less effective than ibuprofen for post-operative pain.

71. Defendants' representations of safety and efficacy to Decedent GAYLENE JOHNSON and her physicians did not include reports of well-documented facts such as serious adverse cardiac events at recommended prescribed doses including a high rate accidental death from PROPOXYPHENE.

72. WHEREFORE, Plaintiff BARBARA PORTER prays for judgment as hereinafter set forth.

## SIXTH CAUSE OF ACTION
### [Fraud by Concealment]

73. Plaintiff BARBARA PORTER hereby incorporates by reference, as if fully set forth herein, each and every allegation contained in Paragraphs 1-72, inclusive, of this Complaint.

74. At all times mentioned herein, Defendant had the duty and obligation to disclose to Plaintiff BARBARA PORTER and Decedent GAYLENE JOHNSON, and to her physicians, the true facts concerning the aforesaid product, PROPOXYPHENE, that is, that said product was dangerous and defective, lacking efficacy for its purported use and lacking safety in normal use, and how likely it was to cause serious consequences to users including injuries and death as herein occurred, to Decedent GAYLENE JOHNSON. Defendants made the affirmative representations as set forth above to Plaintiff BARBARA PORTER and Decedent GAYLENE JOHNSON, her physicians and the general public prior to the date PROPOXYPHENE was prescribed to Decedent GAYLENE JOHNSON, while concealing material facts.

75. At all times mentioned herein, Defendants had the duty and obligation to disclose to Plaintiff BARBARA PORTER and Decedent GAYLENE JOHNSON and her physicians the true facts concerning the aforesaid product, PROPOXYPHENE, that is, that it's lack of efficacy and lack of safety would, and did, cause injuries including, but not limited to, death at prescribed and recommended doses.

76. At all times herein mentioned, Defendants willfully, and maliciously concealed facts as set forth above from Plaintiff BARBARA PORTER and Decedent GAYLENE JOHNSON and her physicians, and therefore, Decedent GAYLENE JOHNSON and Plaintiff BARBARA PORTER, with the intent to defraud as herein alleged.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

77. At all times herein mentioned, neither Plaintiff BARBARA PORTER and Decedent GAYLENE JOHNSON nor her physicians were aware of the facts set forth above, and had they been aware of said facts, they would not have acted as they did, that is, would not have utilized PROPOXYPHENE to aid in the treatment of pain relief.

78. As a result of the concealment of the facts set forth above, Decedent GAYLENE JOHNSON sustained injuries and death, as hereinafter set forth.

79. At all times herein mentioned, neither Plaintiff BARBARA PORTER and Decedent GAYLENE JOHNSON nor her physicians were aware of the facts set above, and had they been aware of said facts, they would not have acted as they did, that is PROPOXYPHENE would not have been prescribed to Decedent GAYLENE JOHNSON, and she would not have ingested it.

80. As a result of the concealment of the facts set forth above, Plaintiff BARBARA PORTER and Decedent GAYLENE JOHNSON suffered injuries as hereinafter set forth.

81. In doing the action herein alleged, Defendants acted with oppression, fraud, and malice and Plaintiff BARBARA PORTER is therefore entitled to punitive damages in an amount reasonably related to Plaintiff BARBARA PORTER'S actual damages, and to Defendants' wealth, and sufficiently large to be an example to others, and to deter these Defendants and others from engaging in similar conduct in the future.

82. WHEREFORE, Plaintiff BARBARA PORTER prays for judgment as hereinafter set forth.

### SEVENTH CAUSE OF ACTION
### [Negligent Misrepresentation]

83. Plaintiff BARBARA PORTER hereby incorporates by reference, as if fully set forth herein, each and every allegation contained in Paragraphs 1-82, inclusive, of this Complaint.

84. The Defendants had an absolute duty to disclose the true facts regarding the lack of safety and efficacy of PROPOXYPHENE as the only entities capable of knowing and reporting

the true facts regarding the safety and testing of PROPOXYPHENE. Furthermore, Defendants had a duty to ensure it had a reasonable basis for making the representations as set forth above.

85. The Defendants made the aforesaid representations with no reasonable ground for believing them to be true. They did not have accurate or sufficient information concerning these representations. Furthermore, the Defendants were aware that without such information they could not accurately make the aforesaid representations.

86. The aforesaid representations were made to the physician prescribing PROPOXYPHENE prior to the date it was prescribed to Decedent GAYLENE JOHNSON and the physician relied on those representations about the safety and efficacy of PROPOXYPHENE when prescribing PROPOXYPHENE to Decedent GAYLENE JOHNSON.

87. The aforesaid representations were made by Defendants with the intent to induce Decedent GAYLENE JOHNSON to act in the manner herein alleged, that is, to ingest PROPOXYPHENE as prescribed.

88. The Defendants falsely represented to Plaintiff BARBBARA PORTER and Decedent GAYLENE JOHNSON, her physicians and members of the general public, that the aforesaid product, PROPOXYPHENE, was safe for use to aid in the treatment of pain relief at recommended and prescribed doses. The representations by said Defendants were, in fact, false. The true facts were that the aforesaid product, PROPOXYPHENE, was not safe and it was not effective for said purpose and was, in fact, dangerous to the health and body of Decedent GAYLENE JOHNSON and thereby caused her injuries and death.

89. At the time Defendant made the aforesaid representations, and at the time PROPOXYPHENE was prescribed to Decedent GAYLENE JOHNSON, Decedent GAYLENE JOHNSON and her physicians were ignorant of the falsity of these representations and reasonably believed them to be true. In reliance upon said representations, Decedent GAYLENE

JOHNSON ingested PROPOXYPHENE as herein described. If Decedent GAYLENE JOHNSON had known the actual facts, she would not have taken such action. The reliance of Plaintiff BARBARA PORTER and Decedent GAYLENE JOHNSON and her physicians upon Defendants' representations was justified because said representations were made by individuals and entities that appeared to be in a position to know the true facts.

90. As a result of Defendant's false representations and concealment, Plaintiff BARBARA PORTER was caused to sustain the herein described injuries.

91. WHEREFORE, Plaintiff BARBARA PORTER prays for judgment as hereinafter set forth.

## RELIEF REQUESTED

Paragraphs 1-91 are herein incorporated by reference:

The Plaintiff BARBARA PORTER asks for judgments against the Defendants in an amount which will fairly compensate:

  a. those who are eligible for compensation for economic and non-economic losses resulting from the death of GAYLENE JOHNSON; and

  b. the next of kin of GAYLENE JOHNSON for the claims GAYLENE JOHNSON could have brought against the defendants if she had survived.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. For general damages in an amount within the jurisdiction of the District Court;
2. For hospital, medical, funeral and incidental expenses in an amount that is yet to be ascertained;
3. Pecuniary and economic losses in an amount that is yet to be determined;
4. For costs of suit herein;

5. Pre and post judgment interest; and,

6. For such other relief as the Court may deem just and proper.

Dated: November 2nd, 2007.

GOLDENBERG & JOHNSON, PLLC

By  s/ Michael Johnson
Michael K. Johnson (#258696)
Goldenberg & Johnson
33 South Sixth Street, Suite 4530
Minneapolis, MN 55402
Tel: (612) 335-9961
Fax: (612) 339-8168

AND

Mark Burton, Jr., CA Bar #178400
Rachel Abrams, CA Bar #209316
Cynthia Brown CA Bar #248846
Hersh & Hersh
601 Van Ness Avenue
2080 Opera Plaza
San Francisco, CA 94102-6388
Telephone: (415) 441-5544

Attorneys for Plaintiff

ACKNOWLEDGMENT REQUIRED BY
MINN. STAT. SEC. 549.211, SUBD. 2

The undersigned hereby acknowledges that, pursuant to Minn. Stat. Sec. 549.211, subd. 2, costs, disbursements and reasonable attorney and witness fees may be awarded to the opposing party or parties in this litigation if the Court should find the undersigned acted in bad faith, asserted a claim or defense that is frivolous and that is costly to the other party, asserted an unfounded position solely to delay the ordinary course of the proceedings or to harass, or committed a fraud upon the Court.

Dated: November 2nd, 2007.

GOLDENBERG & JOHNSON, PLLC

By  s/ Michael K. Johnson
Michael K. Johnson (#258696)
Goldenberg & Johnson
33 South Sixth Street, Suite 4530
Minneapolis, MN 55402
Tel: (612) 335-9961
Fax: (612) 339-8168

AND

Mark Burton, Jr., CA Bar #178400
Rachel Abrams, CA Bar #209316
Cynthia Brown, CA Bar # 248846
Hersh & Hersh
601 Van Ness Avenue
2080 Opera Plaza
San Francisco, CA 94102-6388
Telephone: (415) 441-5544

Attorneys for Plaintiff